IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT LANCE RANDALL,        )
                             )
            Petitioner,      )
                             )
      v.                     )      1:12CV1217
                             )
JOSEPH B. HALL,              )
                             )
            Respondent.      )

## MEMORANDUM OPINION AND ORDER

**Auld, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entries 1, 6.) On March 27, 2007, in the Superior Court of Durham County, a jury found Petitioner guilty of two counts of taking indecent liberties with a child and one count of first degree statutory sex offense in cases 05 CRS 54382 and 54384. (Docket Entry 6, ¶¶ 1, 2, 4-6); see also State v. Randall, No. COA07-1470, 2008 N.C. App. LEXIS 1995, at *3 (Nov. 4, 2008) (unpublished). The trial court sentenced Petitioner in the presumptive range to 480 to 585 months in prison. Randall, 2008 N.C. App. LEXIS 1995, at *3. Petitioner appealed (see Docket Entry 6, ¶¶ 8, 9) and the North Carolina Court of Appeals issued an opinion on November 4, 2008, ordering a new trial on the indecent liberties charge in case 05 CRS 54384, but finding no error as to the remaining indecent liberties and sex offense charges in case 05 CRS 54382. Randall,

2008 N.C. App. LEXIS 1995, at *3-14.[1]  Petitioner did not appeal that decision to the North Carolina Supreme Court.[2]

Petitioner thereafter filed a pro se petition for a writ of mandamus with the North Carolina Supreme Court (Docket Entry 12, Ex. 2; see also Docket Entry 6 at ¶ 9(g)), which he dated as submitted on July 11, 2012 (Docket Entry 12, Ex. 2 at 3), and which that court stamped as filed on July 16, 2012 (id. at 2). Petitioner asked the North Carolina Supreme Court to order the state trial court to calendar his case for trial within 20 days of the issuance of its writ. (Id.)  The Supreme Court granted Petitioner's mandamus petition by order dated July 26, 2012, and ordered the state trial court to calendar the case for trial within 90 days of the order. (Docket Entry 12, Ex. 4.)

On July 30, 2012, after consulting with the victims' mother, the State voluntarily dismissed the indecent liberties charge in case 05 CRS 52384. (Docket Entry 12, Ex. 5.)  The state trial court re-sentenced Petitioner to the same 480 to 585 month sentence. (Docket Entry 12, Ex. 6.)

---

[1] On August 19, 2008, the Court of Appeals issued its original opinion on Petitioner's direct appeal which granted Petitioner a new trial. (Docket Entry 12, Ex. 2 at 14-23.) The November 4, 2008 opinion amended that original opinion by clarifying that the new trial was ordered solely on the indecent liberties charge in case 05 CRS 54384. (Compare Docket Entry 12, Ex. 1 with id., Ex. 2 at 14-23.)

[2] Petitioner checked the box for "Yes" regarding whether he sought further review by a higher state court (Docket Entry 6, ¶ 9(g)); however, when asked to provide information about that appeal, Petitioner identified his later writ of mandamus in the North Carolina Supreme Court seeking an order mandating a date for a new trial, rather than any direct appeal (see id.; see also Docket Entry 12, Ex. 2).

Petitioner thereafter submitted his Petition in this Court (Docket Entry 1), which he dated as signed on November 7, 2012 (id. at 15), and which the Court stamped as filed on November 13, 2012 (id. at 1). He submitted an amended Petition, making minor changes not relevant to Respondent's instant Motion for Summary Judgment, which the Court stamped as filed on December 4, 2012. (Docket Entry 6.)[3] Respondent moved for summary judgment on the merits (Docket Entry 11) and Petitioner filed a "Motion to Reject Respondent's Motion for Summary Judgment" (which the Clerk docketed as a response in opposition to Respondent's instant motion) and a brief in support (Docket Entries 15, 16). The parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 17.)

**Claims**

Petitioner raises one claim for relief in his amended Petition: the state trial court has defied orders of the North Carolina Court of Appeals and the North Carolina Supreme Court for a new trial. (Docket Entry 6 at 5.)

**Discussion**

Petitioner asserts that, after the North Carolina Supreme Court issued its writ of mandamus ordering the state trial court to calendar his case for trial within 90 days, the state trial court "defied" that order by holding an "evidentiary hearing" instead of

---

[3] Although Petitioner dated the amended Petition as submitted on November 7, 2012 (see Docket Entry 6 at 15), given that the Court file-stamped the first Petition on November 13, 2012 (see Docket Entry 1 at 15), Petitioner apparently recopied the submission date from his first Petition onto his amended Petition, rather than reporting the actual date he signed his amended Petition.

-3-

a new trial.  (Docket Entry 6 at 5; Docket Entry 16 at 2.)[4]
Although Petitioner acknowledges that the "prosecutor dismissed
[the] indecent liberties charge [in case] 05 CRS 54384" (Docket
Entry 16 at 2), he maintains that such "action did not cure
reversible error, because [the North Carolina] Court of Appeals
granted [a] new trial [in] case 05 CRS 54382." (Id.)  Petitioner
alleges that the "prosecutor dismissed the wrong case intentionally
and [P]etitioner left court with [the] same sentence." (Id.)  This
argument lacks merit.

Although the Court of Appeals in its August 19, 2008 opinion
appeared to grant Petitioner a new trial on all of the charges (see
Docket Entry 12, Ex. 2 at 14-23), that court issued a second
opinion on November 4, 2008, which clarified beyond doubt that it
granted a new trial only on the indecent liberties charge in case
05 CRS 54384. (Docket Entry 12, Ex. 1.)  The court did not find
reversible error with regard to Petitioner's remaining charges in
case 05 CRS 54382 and Petitioner did not seek further review of
those convictions.  (Id.)  With regard to case 05 CRS 54384, as
Petitioner acknowledges (Docket Entry 16 at 2), the State dismissed
the indecent liberties charge in that case on July 30, 2012 (Docket
Entry 12, Ex. 5).  As such, the state trial court did not err by
failing to schedule a new trial on that charge.  Following

---

[4] Petitioner has not exhausted his state court remedies with respect to this claim, as he could not have raised it on direct appeal and has not raised it in a motion for appropriate relief or other post-conviction petition in the state courts. (See Docket Entry 1, ¶ 10.)  Nevertheless, the court can deny a claim on the merits notwithstanding the failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(2).

-4-

dismissal of the indecent liberties charge in case 05 CRS 54384, the state trial court properly re-sentenced Petitioner to the same 480 to 585 month sentence on the remaining indecent liberties and sex offense charges in case 05 CRS 54382.  (Docket Entry 12, Ex. 6); see also N.C. Gen. Stat. § 15A-1341.17(c), (e1) (2007).  Nor has Petitioner shown otherwise.  (See Docket Entry 6, ¶ 12; Docket Entry 15; Docket Entry 16.)

Petitioner has not shown that his imprisonment pursuant to a State court judgment violates of the Constitution or laws of the United States and, thus, his Petition fails as a matter of law.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment (Docket Entry 11) is **GRANTED**, that the Petition (Docket Entry 1) and amended Petition (Docket Entry 6) are **DENIED,** and that this action is **DISMISSED.**

                                        /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                            **United States Magistrate Judge**

September 6, 2013